UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HRB TAX GROUP INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 4:10-cv-1946-RWS<br>) |
| HSBC BANK USA, NATIONAL ASSOCIATION, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF**

Defendants HSBC Bank USA, National Association ("HSBC NA"), HSBC Trust Company (Delaware), N.A. ("HSBC Trust"), HSBC Taxpayer Financial Services, Inc. ("HSBC TFS"), Beneficial Franchise Company Inc. ("Beneficial Franchise"), and HSBC Finance Corporation ("HSBC Finance") (together, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Complaint for Injunctive Relief (the "Complaint") and set forth Affirmative Defenses:

**ANSWER**

1.   Defendants other than Beneficial Franchise admit that they are parties to the HSBC Retail Settlement Distribution Agreement dated September 23, 2005 (the "Distribution Agreement"). To the extent the allegations in Paragraph 1 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 1 of the Complaint.

2.   Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint to the extent those allegations concern

Plaintiffs; such allegations are therefore denied.  Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint, including any suggestion that Plaintiffs are entitled to any damages.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Complaint, which are therefore denied.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Complaint, which are therefore denied.

6. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Complaint, which are therefore denied.

7. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Complaint, which are therefore denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the Complaint, which are therefore denied.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. To the extent that the allegations set forth in Paragraph 12 of the Complaint suggest that Beneficial Franchise is a proper defendant in this action, Defendants deny the allegations.  Defendants otherwise admit the allegations set forth in Paragraph 12 of the Complaint except to deny that the principal place of business is in Bridgewater, NJ.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint except to deny that the principal place of business is in Bridgewater, NJ.

14. Paragraph 14 of the Complaint states conclusions of law as to which no response is required. To the extent a response is deemed required, Defendant Beneficial Franchise denies that it is subject to the personal jurisdiction of this Court because it is not a party to the Distribution Agreement at issue.

15. Paragraph 15 of the Complaint states conclusions of law as to which no response is required. To the extent a response is deemed required, Defendant Beneficial Franchise denies that it is subject to the personal jurisdiction of this Court because it is not a party to the Distribution Agreement at issue.

16. Paragraph 16 of the Complaint states conclusions of law as to which no response is required. To the extent the allegations in Paragraph 16 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself.

17. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint, which are therefore denied.

18. To the extent the allegations in Paragraph 18 of the Complaint suggest that Beneficial Franchise is a proper defendant in this action, Defendants deny the allegations set forth in Paragraph 18 of the Complaint. Defendants admit the remaining allegations set forth in Paragraph 18 of the Complaint.

19. To the extent the allegations set forth in Paragraph 19 of the Complaint suggest that Beneficial Franchise is a proper defendant in this action, Defendants deny the allegations. Defendants further deny the allegations set forth in Paragraph 19 suggesting that HSBC Bank and its affiliate TFS offer "legions of other products." Defendants admit that some of them have offered refund anticipation loans ("RALs") and refund anticipation checks ("RACs") to certain

Block customers, consistent with Defendants' underwriting, risk management, and safe and sound banking practices.  Defendants admit the remaining allegations to the extent they generally describe refund anticipation loans and refund anticipation checks.

20. Defendants admit that on or about September 23, 2005, Defendants and Plaintiffs entered into the Distribution Agreement.  To the extent the allegations set forth in Paragraph 20 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself.  Defendants deny that Beneficial Franchise is a party to the Distribution Agreement.

21. To the extent the allegations set forth in Paragraph 21 of the Complaint purport to characterize the terms of the Distribution Agreement or the First Amendment to the Distribution Agreement (the "First Amendment"), Defendants state that the documents speak for themselves and the allegations are denied to the extent they are inconsistent therewith.

22. To the extent the allegations set forth in Paragraph 22 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

23. To the extent the allegations set forth in Paragraph 23 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself, and the allegations are denied to the extent they are inconsistent therewith.  Defendants admit that, during some years in the past, some RAL customers have received loan proceeds through a debit card while other customers have been charged a fee to receive their loan proceeds via check.

24. To the extent the allegations set forth in Paragraph 24 of the Complaint purport to characterize the terms of the Distribution Agreement and the HSBC Appendix of Defined Terms

4

and Rules of Construction (the "Appendix"), Defendants state that the documents speak for themselves and the allegations are denied to the extent they are inconsistent therewith.

25. To the extent the allegations set forth in Paragraph 25 of the Complaint purport to characterize the terms of the Distribution Agreement and the Appendix, Defendants state that the documents speak for themselves and the allegations are denied to the extent they are inconsistent therewith. Defendants further state that the IRS has eliminated the Debt Indicator.

26. Defendants state that the IRS has eliminated the Debt Indicator and on that basis deny the allegations set forth in Paragraph 26 of the Complaint.

27. To the extent the allegations set forth in Paragraph 27 of the Complaint purport to characterize the terms of the Distribution Agreement and the Appendix, Defendants state that the documents speak for themselves and the allegations are denied to the extent they are inconsistent therewith. Defendants admit the remaining allegations in Paragraph 27 of the Complaint to the extent they describe past practice consistent with the Distribution Agreement.

28. Defendants admit the allegations set forth in Paragraph 28 of the Complaint to the extent they describe past practice consistent with the Distribution Agreement.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint to the extent that they suggest that the elimination of the Debt Indicator has no impact on the ability to offer RACs consistent with safe and sound banking practices.

30. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint, which are therefore denied.

31. To the extent the allegations set forth in Paragraph 31 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

32. To the extent the allegations set forth in Paragraph 32 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

33. To the extent the allegations set forth in Paragraph 33 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

34. To the extent the allegations set forth in Paragraph 34 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.  Defendants deny the remaining allegations set forth in Paragraph 34 of the Complaint.

35. Defendants admit that the elimination of the Debt Indicator by definition eliminated the Classic RAL.  Defendants deny the remaining allegations set forth in Paragraph 35 of the Complaint.

36. Defendants admit the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants admit the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. To the extent the allegations set forth in Paragraph 40 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

41. To the extent the allegations set forth in Paragraph 41 of the Complaint purport to characterize the contents of correspondence between the parties, Defendants state that the correspondence speaks for itself and the allegations are denied to the extent they are inconsistent

therewith.  Defendants deny the remaining allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. To the extent the allegations set forth in Paragraph 43 of the Complaint purport to characterize the contents of correspondence between the parties, Defendants state that the correspondence speaks for itself and the allegations are denied to the extent they are inconsistent therewith.  Defendants deny the remaining allegations set forth in Paragraph 43 of the Complaint except to admit that Defendants have always performed under the Distribution Agreement.

44. To the extent the allegations set forth in Paragraph 44 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.  Defendants deny the remaining allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants admit that Plaintiffs submitted to them written correspondence on September 30, 2010 and October 6, 2010.  To the extent the allegations set forth in Paragraph 47 of the Complaint purport to characterize the contents of this written correspondence, Defendants state that the documents speak for themselves and the allegations are denied to the extent they are inconsistent therewith.  Defendants deny the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. To the extent the allegations set forth in Paragraph 51 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

52. To the extent the allegations set forth in Paragraph 52 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith. Defendants deny the remaining allegations set forth in Paragraph 52.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. To the extent the allegations set forth in Paragraph 55 of the Complaint purport to characterize the terms of the Distribution Agreement, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith. Defendants deny the remaining allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the Complaint, which are therefore denied.

59. Defendants incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint.

60. Defendants admit the allegations set forth in Paragraph 60 of the Complaint, except to the extent they relate to Beneficial Franchise.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states conclusions of law as to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states conclusions of law as to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 63 of the Complaint.

64. Defendants admit that Plaintiffs sent written correspondence to Defendants. To the extent the allegations set forth in Paragraph 64 of the Complaint purport to characterize the contents of that correspondence, Defendants state that the document speaks for itself and the allegations are denied to the extent they are inconsistent therewith. Defendants deny the remaining allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint. Defendants further deny that Plaintiffs are entitled to any of the relief sought in the "wherefore" paragraph following Paragraph 66.

Defendants deny each and every allegation of the Complaint not expressly admitted in the foregoing numbered paragraph responses.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which injunctive relief can be granted against Defendants under Federal Rule of Civil Procedure 65.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of collateral estoppel and/or *res judicata* and/or preclusion.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of arbitration and award.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of frustration of purpose.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of commercial impracticability.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *force majeure*.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of impossibility.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of illegality and/or Plaintiffs' claim for injunctive relief is contrary to safety and soundness.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by preemption and statutory compliance.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant Beneficial Franchise Company Inc. are barred because this Court lacks personal jurisdiction and subject matter jurisdiction over that Defendant.

## RESERVATION OF DEFENSES

Defendants reserve the right to amend their Answer to supplement the affirmative defenses stated herein if, in the course of discovery, further affirmative defenses are revealed.

## PRAYER FOR RELIEF

WHEREFORE Defendants pray this Honorable Court enter judgment in their favor and grant the following relief:

(1) Dismissal of Plaintiffs' Complaint for Injunctive Relief with prejudice;

(2) Order payment of Defendants' attorneys' fees and costs; and

(3) Award Defendants such other relief as the Court deems just and equitable.

        Respectfully submitted,

        ARNOLD & PORTER LLP

        David B. Bergman
        Ryan Richardson
        (*pro hac vice motion forthcoming*)
        555 Twelfth Street, NW
        Washington, DC 20004
        (202) 942-5000 (telephone)
        (202) 942-5999 (facsimile)
        *david.bergman@aporter.com*
        *ryan.richardson@aporter.com*

        THOMPSON COBURN LLP


By: /s/ Christopher M. Hohn
    Christopher M. Hohn, # 62067
    One U.S. Bank Plaza, Suite 2500
    St. Louis, Missouri 63101
    (314) 552-6000 (telephone)
    (314) 552-7000 (facsimile)
    *chohn@thompsoncoburn.com*

Attorneys for HSBC Bank, USA, National Association, HSBC Trust Company (Delaware), N.A., HSBC Taxpayer Financial Services, Inc., Beneficial Franchise Company, Inc. and HSBC Finance Corporation

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 20th day of October, 2010, upon all counsel of record.


        /s/ Christopher M. Hohn